IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Johnathan D. Gibbs, | C/A No.: 5:13-979-TLW-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Neomia Jamison, | |
| Defendant. | |

Plaintiff Johnathan D. Gibbs, proceeding *pro se* and *in forma pauperis*, is a pre-trial detainee incarcerated at the Orangeburg Calhoun County Regional Detention Center and brings this action alleging personal injury subsequent to an assault at Club Riverside, a nightclub owned by defendant Neomia Jamison. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss this case, without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff alleges that he received injuries at Club Riverside. [Entry #1 at 2–3]. Plaintiff claims that a security guard, "who isn't licensed to be a security guard," hit him in the face as he left the nightclub on October 31, 2011. *Id.* at 3. Plaintiff alleges another security guard handcuffed Plaintiff and unidentified individuals then assaulted Plaintiff,

"pistol whipping" him in the head several times. *Id.* Plaintiff lost consciousness, and a helicopter airlifted him to Palmetto Richland Hospital for treatment. *Id.* at 4. Law enforcement detained Plaintiff for unspecified reasons approximately one week after this assault. Plaintiff claims that he continues to suffer from migraine headaches. *Id.* Plaintiff seeks monetary damages for the personal injuries received on nightclub property. *Id.* at 5.

II.   Discussion

   A.   Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations

are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

The instant case is subject to summary dismissal because Plaintiff fails to demonstrate federal jurisdiction over his claims. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Id.* at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in his pleadings. *McNutt v. General Motors*

*Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). To this end, Fed. R. of Civ. P. 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" When a complaint fails to include "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley*, 191 F.3d at 399 (citation omitted). However, if the court, viewing the allegations in the light most favorable to a plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.* The two most commonly recognized and utilized bases for federal court jurisdiction are (1) federal question under 28 U.S.C. § 1331, and (2) diversity of citizenship pursuant to 28 U.S.C. § 1332. As discussed below, the allegations contained in the instant complaint do not fall within the scope of either form of this court's limited jurisdiction.

First, the diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372−74 nn. 13−16 (1978). This court has no diversity jurisdiction over this case because Plaintiff fails to demonstrate that he and the defendant are citizens of different states. In absence of diversity of citizenship, the amount in controversy is irrelevant.

Second, the essential allegations contained in the complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United

States." 28 U.S.C. § 1331. Plaintiff's allegations do not assert that the defendant has violated a federal statute or constitutional provision, nor is any type of federal question jurisdiction otherwise evident from the face of the pleading. Instead, the complaint alleges a personal injury or intentional tort claim, which is a matter of state law to be heard in the state courts, unless diversity of citizenship is present. *See Wintersteen v. Food Lion, Inc.,* 542 S.E.2d 728 (S.C. 2001) (slip and fall personal injury claim); *State Farm Fire & Cas. Co. v. Barrett,* 530 S.E.2d 132, 137 (S.C. Ct. App. 2000) (claims of battery and assault are generally considered intentional torts).

Further, to the extent Plaintiff's allegations may be liberally construed as a civil rights action under 42 U.S.C. § 1983, the case is also subject to summary dismissal. In order to state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff identifies the defendant in this case as the owner of a private nightclub. Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under § 1983. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982); *see also Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961). Because Plaintiff fails to demonstrate any state action by the defendant, the complaint's allegations, even when liberally construed as a civil rights action, do not establish federal question jurisdiction over this case. Therefore, the undersigned recommends that this case be summarily dismissed for a lack of subject matter jurisdiction.

III.    Conclusion and Recommendation

For the foregoing reasons, it is recommended that the complaint be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

April 25, 2013                                                   Shiva V. Hodges
Columbia, South Carolina                              United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).