# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | | |
|---|---|---|
| Johnathan D. Gibbs, | ) | |
| | ) | Civil Action No.: 5:13-cv-00979-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Neomia Jamison, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Johnathan D. Gibbs ("Plaintiff"), a pretrial detainee proceeding *pro se* and in *forma pauperis*, filed this action seeking monetary damages for personal injuries received on nightclub property. Plaintiff alleges that he was severely beaten by security guards in the employ of Neomia Jamison ("Defendant").

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(g) (D.S.C.), the matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling. On April 25, 2013, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court dismiss the case without prejudice and without issuance and service of process. (ECF No. 8 at 6.) This review considers Plaintiff's Objections to the Report ("Objections") filed May, 5 2013. (ECF No. 10.) For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report and **DISMISSES** this action (ECF No. 1) without prejudice and without issuance and service of process.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This court concludes, upon its own careful review of the record, that the Magistrate Judge's factual synopsis is accurate and incorporates it by reference. This court will thus focus

1

on the facts pertinent to the analysis of Plaintiff's Objections.

Plaintiff alleges he was assaulted by an unlicensed security guard as he left Club Riverside ("Riverside") early in the morning of October 31, 2011. (ECF No. 1 at 3.) After being handcuffed by a second security guard who had arrived at the scene, Plaintiff then alleges he was "jumped" by a group of unidentified people, "pistol whipped" on the head, stomped on while lying on the ground, and choked. *Id.* Plaintiff spent two days in the hospital due to his injuries. (*Id.* at 4.) Five weeks after this incident, Plaintiff alleges he had to go to the hospital with severe headaches. (*Id.*) Plaintiff alleges he suffers migraine headaches to this day. (*Id.*) Plaintiff seeks $150,000.00 in monetary damages for the personal injuries he received on nightclub property. (*Id.* at 5.)

The Magistrate Judge's April 25, 2013 Report found that Plaintiff's Complaint failed to demonstrate diversity of citizenship or involve a federal question, and thus lacked subject matter jurisdiction for federal court. (ECF No. 8 at 4.) The Magistrate Judge even examined Plaintiff's allegations through the liberal lens of a civil rights action, per 42 U.S.C. § 1983, and found that a federal question could still not be raised. (*Id.* at 5.) Without subject matter jurisdiction, there cannot be federal jurisdiction and thus the suit should be subject to dismissal. (*Id.* at 3.)

In response to the Magistrate Judge's Report, Plaintiff filed a timely Objection on May, 3 2013. (ECF No. 10.) In his Objection, Plaintiff named the security guard and suggested that the guard's address was Holly Hill. (*Id.* at 1.) Plaintiff also implies there was a racial component to the attack. (ECF No. 10 at 1.)

## II.     LEGAL STANDARD AND ANALYSIS

Plaintiff filed this Complaint in *forma pauperis* pursuant to 28 U.S.C. § 1915, which allows a federal court to proceed with a prisoner's complaint or action without the prepayment of

court fees by the prisoner litigant.  28 U.S.C. § 1915(a)(1) (2012).  The statute attempts to restrain this privilege, and thus avoid allowing meritless lawsuits to flood the court system, by permitting a court to dismiss the case at any time upon finding that the action fails to state a claim on which relief may be granted.[1]  § 1915(e)(2)(B)(ii).

*Pro se* complaints must be held to a less stringent legal standard than those complaints or proceedings drafted by lawyers, and a *pro se* document should be liberally construed by a federal court.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  "Technical niceties" should not defeat a meritorious claim when it can be amended to achieve justice.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  However, while a *pro se* complaint may be entitled to "special judicial solicitude," federal courts are not required to recognize "obscure or extravagant claims."  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)). A complaint will be dismissed, even under the lens of a liberal interpretation, "if it does not allege 'enough facts to state a claim to relief.'"  *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009) (quoting *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008)).

Federal courts are courts of limited subject matter jurisdiction and there is no presumption that the court has jurisdiction.  *Pinkley Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999).  They are "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute."[2]  *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998).  Therefore, a federal court is required to determine if there is a

---

[1] The statute also allows for a court to dismiss an in *forma pauperis* action for the following reasons: (1) the allegation of poverty is untrue; (2) the action or appeal is frivolous or malicious; and (3) the action or appeal seeks monetary relief from a defendant who is immune from such relief.  § 1915(e)(2)(A)-(B).

[2] U.S. CONST. art. III, § 2, cl. 1 ("The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States and Treaties made…").

valid basis for jurisdiction, "and to dismiss the action if no such ground appears." *Id.* at 352. A plaintiff who seeks jurisdiction, even a *pro se* plaintiff whose complaint must be viewed liberally, must "allege in his pleadings the facts essential to show jurisdiction." *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 19(h)(3). Subject matter jurisdiction can be attained through (1) federal question under 28 U.S.C. § 1331 (2012), and (2) diversity of citizenship pursuant to 28 U.S.C. § 1332 (2012).

Objections to a Report must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). This court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions, in a *de novo* determination. *See* 28 U.S.C. § 636(b)(1) (2012). The Magistrate Judge correctly concludes that the allegations contained in Plaintiff's Complaint do not fall within the scope of either form of this court's limited jurisdiction and Plaintiff's Objections do not bring forward any new facts that change this initial conclusion.

To satisfy the diversity statute, 28 U.S.C. § 1332, there must be diversity between the parties and the amount in controversy must be in excess of $75,000.  § 1332(a). This statute has been consistently held to require complete diversity, where *each* defendant is a citizen of a different State from *each* plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). In his Objection, Plaintiff states the name of the security guard, Davon Robinson ("Robinson"), and seems to imply that Robinson's address is Holly Hill, SC. (ECF No. 10 at 1.) However, Neomia Jamison, not Robinson, is Defendant in Plaintiff's Complaint. (Even if Robinson was listed as Defendant, his South Carolina address would preclude the diversity requirement). Plaintiff does not mention the address of Defendant anywhere in his Objections,

4

thus there is no way to establish that Defendant is an out of state citizen, making it impossible to fulfill the statutory diversity requirement. On a related note, Plaintiff mentions specifically in his Complaint that he was hurt on Riverside property. (ECF No. 1 at 5.) Section 1332 allows a corporation to be deemed a citizen where it is incorporated and has its principal place of business. § 1332(c)(1). However, not only was Riverside not listed as a defendant in this case, it seems to be located in South Carolina (which further adds credence to the implication that the Riverside's owner is also a resident of South Carolina). Plaintiff has failed to demonstrate that he and Defendant are citizens of different states, thus this court has no diversity jurisdiction over this case. Without diversity of citizenship, the amount in controversy is immaterial.

In regard to the application of federal question to this Complaint, the essential allegations are insufficient to show that the civil complaint is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (2012). Nowhere in Plaintiff's Complaint or Objections do the allegations assert that Defendant violated a constitutional provision or federal statute. Both the Complaint and Objections allege a personal injury or intentional tort claim. These kind of claims are heard in state courts, unless of course there is diversity of citizenship. *See Wintersteen v. Food Lion, Inc*., 542 S.E.2d 728 (S.C. 2001) (slip and fall personal injury claim); *State Farm Fire & Cas. Co. v. Barrett*, 530 S.E.2d 132, 137 (S.C. Ct. App. 2000) (claims of battery and assault are generally considered intentional torts).

The court in *Gordon* suggests that the district court must examine a *pro se* complaint to determine whether the facts alleged could provide the foundation for a recovery under the civil rights acts. *Gordon*, 574 F.2d at 1151. In his Objections, Plaintiff implies there was a racial component to the attack. (ECF No. 10 at 1.) However, even when liberally applying Plaintiff's Objections to a civil rights action under 42 U.S.C. § 1983, this case will still fail to attain subject

5

matter jurisdiction pursuant to a federal question. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) this violation "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff identifies the defendant in this case as the owner of a private nightclub. (ECF No. 1 at 2.) Purely private conduct, no matter how wrongful, unjust, or discriminatory, is not actionable under the Fourteenth Amendment and thus cannot be applied to § 1983. *See Lugar v. Edmondson Oil Co*., 457 U.S. 922, 936 (1982); *see also Burton v. Wilmington Parking Auth*., 365 U.S. 715, 721 (1961). Plaintiff fails to demonstrate any state action on behalf of Defendant and thus federal question jurisdiction is not established in this case.

### III.    CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report and the record in this case, the court **ACCEPTS** the Report (ECF No. 8) of the Magistrate Judge. It is therefore ordered that this action (ECF No. 1) is **DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

April 6, 2016
Columbia, South Carolina